## No. 8269.

### THE STATE OF LOUISIANA VS. THOMAS FISHER.

In a trial for murder, proof of threats made by the deceased against the accused, is not admissible when the threats were not communicated to the latter.

The question of diligence in procuring evidence is essentially of the province of the court below on an application for a new trial, and this Court will not interfere with the discretion of the District Judge in that respect.

APPEAL from the Seventeenth Judicial District Court, parish of East Baton Rouge. *Sherburne*, J.

*J. C. Egan*, Attorney General, for the State, Appellee :

First—Threats made by the deceased towards the accused, and not communicated to him before the killing, is incompetent evidence. 21 An. 473 ; 29 An. 593.

Second—This Court cannot review a judgment refusing a new trial which was asked on the ground of newly discovered evidence. 21 An. 473 ; 22 An. 468.

*Burgess & Burgess* and *R. W. Knickerbocker* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J.  The defendant was indicted for the murder of one Harman Matta, under which he was tried, convicted of manslaughter, and sentenced to ten years imprisonment in the penitentiary, and from this sentence has appealed.

There is no assignment of errors filed in this Court, but we find in the record two bills of exception which present the grounds, as we learn from the brief of defendant's counsel, relied on for a reversal of the judgment.

The first bill was taken to the refusal of the judge *a quo* to admit proof of threats made by the deceased against the accused, but which were not communicated to the accused.

Under the authority of all the eminent writers on criminal law and the frequent adjudications of this Court, this evidence was properly excluded.  Wharton, Homicide, 215; 21 An. 475; 22 An. 468.

The second bill was taken to the ruling of the judge refusing a new trial.  The motion for a new trial was upon the ground of newly discovered testimony—that is, testimony discovered after the trial.  It appears from the bill that the ruling of the judge upon this point was based mainly, if not exclusively, on his conclusion that due diligence had not been used to procure the evidence on the trial.  This question of evidence was peculiarly within the discretion of the judge of the first instance, and this Court has invariably refused to review such ruling, involving merely the legitimate exercise of this discretion and presenting purely unmixed questions of fact.  11 An. 478; 21 An. 273; 22 An.

468. Besides, as far as we can gather from the bills, the evidence referred to was of the identical character with that which had been offered on the trial and properly refused as shown above.

We have closely scrutinized the entire record and we can find no ground whatever on which the accused can be relieved.

The judgment and sentence appealed from are, therefore, affirmed with costs.

---

### ON REHEARING.

A rehearing was granted in this case upon the application of the defendant suggesting that the record did not show that the indictment was presented in open court, in the presence of the accused, when the verdict was delivered, or that, before passing sentence, the accused was asked whether he had anything to say why the sentence should not be pronounced.

Since the granting of the rehearing the record has been corrected, under a *certiorari* granted by this Court, and the omissions suggested supplied. The record is now complete, showing an exact observance of all the required formalities and proceedings in the lower court in the prosecution of the accused under the indictment.

The case has been reargued in all the issues originally presented, and we have been particularly urged to change our previous ruling on the question of the admissibility of the evidence relating to the alleged threats made by the deceased. We cannot do so. A re-examination of the authorities on the subject, including those to which special reference was made in the last argument, only confirm us in the conclusion that the threats of the deceased, unless shown to be connected with the *res gestæ*, the acts of the parties at the time of, or immediately preceding the homicide, cannot be considered. 33 An. 1087. No such connection appears from the record; and, in the absence of such, it is a matter of no importance to ascertain what might have been the feelings of the deceased towards the accused. It will be remembered that the threats referred to were never communicated to the accused—at least no evidence of that fact is shown in the record.

Our previous decree must, therefore, remain undisturbed.